IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 10, 2009 Session

## CARLOS HARDY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-D-1927   J. Randall Wyatt, Jr., Judge**

---

**No. M2008-02851-CCA-R3-PC - Filed January 22, 2010**

---

A Davidson County jury convicted Petitioner, Carlos Hardy, of second degree murder, and the trial court sentenced him to twenty-five years as a Range I, violent offender. *State v. Carlos Hardy*, No M2004-02249-CCA-R3-CD, 2006 WL 359677, at *6 (Tenn. Crim. App., at Nashville, Feb. 10, 2006), *perm. app. denied*, (Tenn. Jul. 3, 2006). Petitioner was unsuccessful in his appeal to this Court. *Id.* at *15. He filed a petition for post-conviction relief raising a number of issues including an allegation that he was afforded the ineffective assistance of counsel. After a hearing, the post-conviction court denied the petition. On appeal, Petitioner argues that the post-conviction court erred in denying his petition with regard to the issue of ineffective assistance of counsel. We have reviewed the record on appeal and conclude that the post-conviction court did not err in denying the petition. Therefore, we affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Cynthia M. Fort, Nashville, Tennessee, for the appellant, Carlos Hardy.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In March 2004, Petitioner and his co-defendant, Atlanta Hardy, were convicted of second degree murder by a Davidson County jury. *Id.* at *6. The trial court sentenced Petitioner to twenty-five years as a Range I, violent offender for the murder. *Id.* Petitioner unsuccessfully appealed both his conviction and his sentence to this Court. *See id.* at *15. Petitioner filed a petition for post-conviction relief arguing that he was afforded ineffective assistance of counsel. After holding an evidentiary hearing, the post-conviction court denied the petition. Petitioner now appeals the denial of his petition and argues that the post-conviction court erred when it determined that trial counsel's representation was effective. We have reviewed the record on appeal and conclude that Petitioner is unable to prove that trial counsel's representation of Petitioner was deficient or that any deficiency in representation was prejudicial. Therefore, we affirm the denial of the petition for post-conviction relief.

Petition for Post-conviction Relief

On July 3, 2007, Petitioner filed a petition for post-conviction relief. In that petition, he asserted that he was afforded ineffective assistance of counsel because: trial counsel failed to object to a witness's testimony regarding a polygraph test; trial counsel failed to properly raise the issue of the polygraph test on appeal; two rebuttal witnesses, Evelyn Bell and Aljanada Coats, were not called by trial counsel; trial counsel failed to investigate and/or interview witness Maria Hardy; Petitioner was forced to file his own Rule 11 application to appeal to the Tennessee Supreme Court; and the issue of his excessive sentence pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), was not raised on appeal. On July 19, 2008, Petitioner filed an amended petition adding an affidavit in which a witness from trial retracted part of his testimony at trial.

The post-conviction court held a hearing on the petition. Petitioner testified at the evidentiary hearing. He made several allegations regarding trial counsel's ineffectiveness at trial. Petitioner stated that trial counsel should have called Ms. Evelyn Bell to testify at trial. According to Petitioner, she would have contradicted the testimony of his co-defendant's mother, Ms. Marion Ford. Ms. Ford testified at the trial that Petitioner came to her house and confessed to murdering the victim. Petitioner maintained at the hearing that Ms. Bell was present and would have testified that she did not hear him confess. Petitioner also stated that he believed trial counsel should have interviewed Charles Carter, a witness

who testified at trial. Petitioner stated that he had no knowledge of trial counsel interviewing Mr. Carter. He also faulted trial counsel for never visiting the scene of the crime or having an expert generate reports regarding ballistics and measurements.

Petitioner also testified as to his complaints regarding his appeal. After being denied appellate relief by this Court, trial counsel attempted to withdraw. However, the Tennessee Supreme Court denied trial counsel's motion to withdraw because it was untimely. Petitioner stated that he did have communications with his attorney about his Rule 11 application to the supreme court but ultimately his draft of a Rule 11 application was filed with the supreme court. It was unsuccessful. Finally, Petitioner testified that this Court's opinion stated that trial counsel did not object to a witness's testimony regarding a polygraph test. However, trial counsel stated in his brief that he did object to the introduction of the polygraph test. Petitioner argues that this failure was ineffective.

Mr. Carter also testified at the hearing on Petitioner's behalf. He testified that after looking at his testimony at trial and interviews with the detectives investigating the murder he would change only one thing about his testimony. At trial Mr. Carter testified that he saw Petitioner with a gun, but at the hearing he maintained that he did not see Petitioner with a gun. He stated that he lied about seeing the gun because he was on federal probation at the time and wanted to protect himself.

Petitioner's trial counsel also testified at the hearing. He stated that at the time he represented Petitioner his practice consisted of nine-five percent criminal defense work. He had handled thirty murder trials. With regard to Mr. Carter's testimony at trial about the polygraph test, trial counsel stated that Mr. Carter merely mentioned that a polygraph test had been administered. Mr. Carter did not even testify as to the results of the test. Trial counsel made a strategic decision to not bring it up to the trial court in order avoid calling further attention to the statement. He raised it on appeal, but trial counsel did not feel that it was the basis of a very strong argument. Trial counsel recommended to Petitioner that he should not testify on his own behalf. However, Petitioner felt that he needed to rebut the testimony that had been offered at trial, so he chose to testify at trial.

Trial counsel recalled Petitioner mentioning a possible witness who could refute Ms. Ford's testimony. At the hearing, he believed it was Ms. Bell. He stated that he checked on the witness's criminal record and found that she had an extensive record of theft and impersonation. Therefore, he determined that it would not be in his client's best interest to call her to testify. In addition, trial counsel stated that he had never heard of Ms. Coats. Trial counsel did not speak with Mr. Carter because he refused to speak with trial counsel.

Trial counsel also testified concerning his motion to withdraw after representing Petitioner in his appeal to this Court. Trial counsel stated that he filed a motion to withdraw with the supreme court and sent a letter to that effect to Petitioner setting out the time frame for submitting a Rule 11 application to appeal to the supreme court. However, the supreme court denied the motion to withdraw because trial counsel had filed the motion too late. At that point, because he was still the attorney of record, trial counsel filed a fully-briefed Rule 11 application. The supreme court denied it. According to trial counsel, the supreme court also denied the Rule 11 application drafted by Petitioner because he was represented by counsel.

The post-conviction court denied Petitioner's petition for post-conviction relief. Petitioner filed a timely notice of appeal.

## ANALYSIS

### Post-Conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim .App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

### Effective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on

a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, Petitioner argues that the post-conviction court erred in denying his petition because he was afforded ineffective assistance of counsel. He specifically argues that trial counsel failed to interview a witness, Ms. Bell, who was present when he allegedly confessed; failed to properly investigate the facts in light of Mr. Carter's testimony that he lied at trial; failed to object to the entry of polygraph evidence at trial; and failed to timely notify Petitioner of his intention to withdraw from representing Petitioner when the deadline to file his Rule 11 application to the supreme court was approaching.

With regard to Ms. Bell, trial counsel testified that he interviewed her and found that she had an extensive criminal record. The post-conviction court found that trial counsel had indeed investigated her and found that trial counsel was not deficient in not presenting her as a witness. In addition, Petitioner did not present Ms. Bell at the evidentiary hearing. Under *State v. Black*, 794 S.W.2d 753 (Tenn. Crim. App. 1990), when a petitioner argues that trial counsel was ineffective by not presenting a witness at trial, the petitioner must present that witness at the evidentiary hearing. 794 S.W.2d at 757-58. Therefore, we conclude that the record does not preponderate against the findings of the post-conviction court.

Petitioner next argues that trial counsel was ineffective because he failed to properly investigate what Mr. Carter's testimony would be at trial. To support this argument, Petitioner points to Mr. Carter's testimony at the evidentiary hearing that he lied at Petitioner's trial when he stated that he saw Petitioner holding a gun. The State argues that

Petitioner has waived this issue because he did not present this argument as an ineffective assistance of counsel argument. The post-conviction court analyzed this issue as a potential due process violation as opposed to the basis for an ineffective assistance of counsel argument. We have reviewed the record from the post-conviction court. Petitioner did not present this issue as an ineffective assistance of counsel issue, but rather, filed an amendment to his petition and stated the following: "Petitioner is attaching an affidavit from Charles Carter wherein he retracts certain incriminating statements he made regarding the defendant. Said statements were highly incriminating and most likely the cause of conviction." A petitioner may not assert one ground for relief in the post-conviction court and pursue a different or new theory on appeal. *State v. Adkisson*, 899 S.W.2d 626, 634-35 (Tenn. Crim. App. 1994). Therefore, this issue is waived. *Id.* at 635.

Petitioner also argues that trial counsel was ineffective for failing to object to Mr. Carter's testimony at trial that a polygraph examination occurred while the police were investigating the case. Mr. Carter did not mention any results of the polygraph examination. At the evidentiary hearing, trial counsel testified that he did not object because he did not want to call additional attention to the matter. He stated that he made a tactical decision in not objecting. The post-conviction court found that trial counsel acted effectively by not objecting. As stated above, this Court cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins*, 911 S.W.2d at 347. Therefore, the findings of the post-conviction court do not preponderate against the findings of the post-conviction court.

In his final issue on appeal, Petitioner argues that trial counsel was ineffective because he attempted to withdraw from representing Petitioner near the deadline of his Rule 11 application to our supreme court. Trial counsel filed an untimely motion to withdraw from representation. The supreme court denied trial counsel's motion. After the denial of the motion, trial counsel reviewed Petitioner's pro se Rule 11 application and also drafted a separate Rule 11 application which was also filed with our supreme court. The post-conviction court found that trial counsel's untimely motion to withdraw was deficient. However, Petitioner was unable to prove prejudice because trial counsel drafted a Rule 11 application, and it was filed with the court. The record does not preponderate against the post-conviction court's findings that Petitioner has been unable to meet the second prong under *Strickland*.

We conclude that Petitioner has been unable to prove under *Strickland* that trial counsel was both deficient and that the deficiency prejudiced Petitioner. Therefore, we affirm the decision of the post-conviction court.

## CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's denial of the petition for post-conviction relief.


_____

JERRY L. SMITH, JUDGE